CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 23 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERAMIAH CHAMBERLAIN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00266 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BOBBY RUSSELL, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

This matter is before the court on plaintiff Jeremiah Chamberlain's motion for a preliminary injunction and temporary restraining order, and defendant, Bobby Russell, Superintendent of the Western Virginia Regional Jail's ("WVRJ"), motion to file an untimely response and his response to Chamberlain's motion. Upon review of the record, the court will grant the Superintendent's motion for an extension of time and deny Chamberlain's motion for interlocutory relief.

Chamberlain, who is incarcerated and proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 and a motion for a preliminary injunction and temporary restraining order. Chamberlain asserted that he was suffering from constant, severe pain related to a gunshot wound he suffered on May 8, 2011, and that defendants, all employed by or providing contractual medical services at the WVRJ, were refusing to provide him with adequate pain medication, as well as necessary physical therapy. Chamberlain further asserted that he was diagnosed with Hepatitis C in October 2011, which defendants refused to treat. Because the court concluded that Chamberlain had alleged facts indicating that he may suffer imminent and irreparable harm in the absence of the requested interlocutory injunctive relief, the court, by order entered June 21, 2013, directed the Superintendent of the WVRJ to show cause on or before July 11, 2013 why injunctive relief should not issue as requested.

On July 17, 2013, the Superintendent submitted a motion for an extension of time and response to the show cause order. In support of his motion for an extension of time, the Superintendent asserts that he did not timely receive the order to show cause, and did not become aware of the order until July 17, 2013. In his response to the show cause order, the Superintendent argues that Chamberlain's claims for injunctive relief are moot, because he left the WVRJ on June 19, 2013.

The jurisdiction of federal courts is limited to live cases or controversies and when a claim no longer presents a viable legal issue to resolve, the claim becomes moot. Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698–99 (3d Cir. 1996). Thus, because Chamberlain was transferred from the WVRJ, his claims for injunctive relief against these defendants with respect to his incarceration there are moot.[1] See Cnty of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement.); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

---

[1] Chamberlain submitted a notice of change of address to the court on June 24, 2013, indicating he had been moved to a Department of Corrections receiving facility, Powhatan Reception and Classification Center.

Accordingly, for excusable neglect shown, the court will grant the Superintendent's motion for an extension of time. Further, the court will deny Chamberlain's motion for interlocutory injunctive relief as moot.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 23rd day of July, 2013.

_____
United States District Judge