CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2014

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERAMIAH CHAMBERLAIN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13-cv-00266 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BOBBY RUSSELL, *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Jeramiah Chamberlain, a Virginia inmate proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 for damages and injunctive relief, against Western Virginia Regional Jail ("WVRJ") jail officials: Bobby Russell, Amanda Tuck, Chad Keller; and medical personnel: Uzma Ali, MD (Chamberlain's treating physician at WVRJ), Heather Stevens, PA, Meagan Swisher, HSA/RN, and Liesel Browe,[1] alleging deliberate indifference for their failure to provide him elective arm surgery, hepatitis C treatment, and pain medication. The defendants have moved for summary judgment with supporting affidavits and exhibits detailing Chamberlain's medical treatment and prognosis. The uncontradicted evidence shows that defendants were not deliberately indifferent, and the court grants their motion.

## I.

Chamberlain's complaint alleges the following facts. During his arrest in 2011, Chamberlain suffered a gunshot wound to his right arm and was hospitalized at the Carilion Roanoke Memorial Hospital Emergency Department, where John Edwards, M.D. performed surgery. Upon his discharge from the hospital, WVRJ took Chamberlain into custody as a pretrial detainee. During a follow up visit, Chamberlain asserts that Dr. Edwards "advised" him

---

[1] Browe is the Regional Director of ConMed, the medical contractor for WVRJ.

that he needed "an additional surgery" to his arm, which he did not receive.[2] (Compl. at ¶ b) Several months later, Chamberlain was diagnosed with hepatitis C, a viral infection that may lead to liver inflammation,[3] for which he "received no treatment." (Compl. at ¶ m) Throughout his incarceration at WVRJ, Chamberlain alleges he suffered "severe" and "excruciating" pain, though he acknowledges that he was prescribed various pain medications during that time. (Compl. at ¶ i) Chamberlain does not allege that the jail official defendants were involved in providing his medical care. Based on these allegations, Chamberlain claims the defendants were deliberately indifferent and seeks damages and injunctive relief. Chamberlain is no longer an inmate at WVRJ and is now incarcerated at Wallens Ridge State Prison.[4]

The defendants have moved for summary judgment, with various medical records and affidavits from Dr. Ali; PA Stevens; and Nurse Swisher. According to Chamberlain's medical records, the defendants responded to each of his 23 "sick calls," and prescribed him numerous medications. (Def. Exhibit 15) According to the uncontroverted affidavits, Dr. Edwards saw Chamberlain for three follow up visits and advised the defendants that Chamberlain "needed no further care," though he may be "interested in future elective surgery to further improve the function of his arm." (Stevens Aff. at 3) Based on that representation and their observations, the defendants did not provide him the elective arm surgery. (Ali Aff. at 3; Def. Exhibit 15 at 9) With respect to the hepatitis C treatment, "a diagnosis of hepatitis C does not necessarily require treatment, particularly when there is no evidence of significant abnormalities on a liver function

---

[2] Chamberlain also asserts that Dr. Edwards advised that he needed to see a nerve specialist, and that he needed physical therapy. (Compl. at ¶ b, ECF 1)

[3] Diseases and Conditions: Hepatitis C, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/hepatitis-c/basics/definition/CON-20030618 (last visited Feb. 25, 2014).

[4] Chamberlain has filed a separate action concerning his medical treatment at Wallens Ridge State Prison that is currently pending. See Chamberlain v. Clarke, et al., No. 7:14-cv-00013 (filed Jan. 13, 2014).

2

test," and such treatment could exacerbate Chamberlain's underlying mental health issues. (Ali Aff. at 4) After evaluating Chamberlain's liver function test, which showed no significant abnormalities, the defendants concluded that his hepatitis C did not require immediate treatment. (Id.) Regarding Chamberlain's pain, the defendants prescribed at least seven different pain medications, though his pain management regimen was "complicated by his history of opiate dependence/abuse, his high tolerance for pain medications, and his other medical issues." (Id. at 3) He also "exhibited drug seeking behavior." (Id.)

Chamberlain has responded to the defendants' motion, reasserting his claims, but offering no additional evidence, and the matter is ripe for disposition.

## II.

Chamberlain maintains that the defendants were deliberately indifferent, in violation of the Eighth Amendment, for failing to provide him elective arm surgery, hepatitis C treatment, and pain medication.[5] Because the uncontroverted evidence shows that the defendants were not deliberately indifferent, the court will grant the defendants' motion for summary judgment.[6]

---

[5] Chamberlain has been transferred to a different facility. The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. See, e.g., County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief). His claims for declaratory and injunctive relief are therefore moot.

[6] Summary judgment is proper where, viewing the facts in the light most favorable to the plaintiff, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of demonstrating the absence of any material issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party may not rely upon mere allegations or denials contained in its pleadings, but must come forward with some form of evidentiary material allowed by Rule 56 demonstrating the existence of a genuine issue of material fact requiring a trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Celotex, 477 U.S. at 324. A genuine issue of material fact exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the nonmoving party. Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

The Eighth Amendment proscribes prison officials from acting with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Instead, to state a valid claim of deliberate indifference, the medical provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson, 536 F. App'x at 357. That an inmate simply disagrees with the course of treatment or treatment is unsuccessful will not raise a deliberate indifference claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

### A.

According to the uncontroverted record, the WVRJ medical personnel defendants responded to Chamberlain's sick calls and prescribed various medications for his ailments. After three post-surgical visits, Dr. Edwards advised the defendants that Chamberlain needed no additional care for his arm. Relying on that representation and their observations, the defendants

concluded that Chamberlain had no urgent need for the elective arm surgery.[7] See Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) (affirming summary judgment for prison doctor where the plaintiff claiming deliberate indifference had failed to show an emergent need for elective surgery). Chamberlain likewise fails to establish that the defendants were indifferent with respect to his hepatitis C treatment. The defendants evaluated Chamberlain's liver function, in light of the potential risks posed by his mental health, and concluded that treatment was not necessary at that time. See Lee v. Gurney, 3:08-CV-161, 2011 WL 2681225, at *5-6 (E.D. Va. July 8, 2011) (citing cases holding that refusal to provide certain hepatitis C treatments absent a medical necessity was not deliberate indifference). Chamberlain's claim that the defendants were indifferent to his pain is similarly unavailing. Despite Chamberlain's pain management regimen being complicated by his own history and behavior, the defendants regularly evaluated him and prescribed at least seven different pain medications. There is no Eighth Amendment requirement that "prison doctors [] keep an inmate pain-free in the aftermath of proper medical treatment." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996); Cash v. Townley, No. 7:12-cv-00169, 2013 WL 1146233 (W.D. Va. Mar. 19, 2013). Rather than deliberate indifference, the uncontradicted evidence shows that the defendants conscientiously endeavored to diagnose, evaluate, and respond to Chamberlain's medical needs.

## B.

The absence of any deliberate indifference also ends the inquiry as to the non-medical defendants, the jail officials. Even so, an inmate cannot prevail on a deliberate indifference to medical needs claim against non-medical prison personnel unless they were personally involved

---

[7] Although Chamberlain complains that he was not provided with physical therapy or an opportunity to see a nerve specialist, there is no indication in the medical records that physical therapy was ever ordered by hospital staff, Dr. Edwards, or institutional medical staff.

with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were deliberately indifferent to a prison doctor's misconduct. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990); Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D. Va. 1996). Chamberlain does not allege that the jail officials were involved with his medical treatment and therefore fails to state a cognizable Eighth Amendment claim against them.[8]

### III.

For the foregoing reasons, the court will grant the defendants' motion for summary judgment.

**ENTER:** March 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Chamberlain likewise fails to state a claim against Browe. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Chamberlain alleges no facts against Browe whatsoever, and therefore fails to state a cognizable § 1983 claim against her.